IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FFHOENIX CUIVRE, L.L.C.,

    Plaintiff,

vs.                                                          Civ. No. 01-1190 JP/KBM (ACE)

LESMO MACHINERY AMERICA, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On March 7, 2002, the Plaintiff filed a Motion to Prohibit Defendant From Proceeding With Any Claim Against Plaintiff and to Prohibit Defendant from Compelling Arbitration (Doc. No. 16). Having reviewed the briefs and relevant law, I find that the Plaintiff's motion should be denied.

A. Background

In May 2001, the Plaintiff and Defendant, a Canadian corporation, agreed that the Plaintiff would purchase certain equipment from the Defendant for use in its copper wire fabrication and extrusion business in Santa Teresa, New Mexico. This lawsuit arose from the Plaintiff's contentions that the Defendant delivered the equipment in an untimely manner and the equipment did not meet the specifications or operation capabilities as promised by the Defendant. The Amended Complaint (Doc. No. 35) alleges breach of contract, breach of warranty, promissory estoppel, breach of the implied covenant of good faith and fair dealing, and violation of the New Mexico Unfair Practices Act. In response to the Amended Complaint, the Defendant filed the following counterclaims: breach of contract, debt and money due, *quantum meruit*, specific performance, and breach of the covenant of good faith and fair dealing. Defendant's Answer to

Amended Complaint and Restated Counterclaims (Doc. No. 38).

Plaintiff's Motion to Prohibit Defendant From Proceeding With Any Claim Against Plaintiff and to Prohibit Defendant from Compelling Arbitration is based on the fact that the Defendant does not have a certificate of authority to do business in New Mexico. Consequently, the Plaintiff asks the Court to abate the Defendant's counterclaims until the Defendant obtains a certificate of authority, or in the alternative, if the Defendant fails to obtain a certificate of authority, the Plaintiff asks the Court to dismiss the counterclaims with prejudice. In addition, the Plaintiff asks the Court to deny any motion by the Defendant to compel binding arbitration.[1] The Defendant argues that under New Mexico law it is not required to have a certificate of authority to maintain its counterclaims or to move to compel binding arbitration.

B. Discussion

NMSA 1978, §53-17-20(A) (1967) states that "[n]o foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until the corporation has obtained a certificate of authority." A foreign corporation is not considered to be transacting business in New Mexico if it is "transacting any business in interstate commerce." NMSA 1978, §53-17-1(I) (1967). The New Mexico Supreme Court has held "that the making of a sale which is primarily interstate in nature does not of itself subject the corporation to the state's certification provisions." *See Riblet Tramway Co. v. Monte Verde Corp.*, 453 F.2d 313, 318 (10th Cir. 1972)(citing *Cessna Finance Corp. v. Mesilla Valley Flying Service, Inc.*, 81 N.M. 10, 462 P.2d 144 (1969), *cert. denied*, 397

---

[1] On January 24, 2002, the Defendant filed Defendant's Motion to Compel Compliance with Parties' Extraction Clause and Prerequisites to Binding Arbitration, Including Related Escrow, and to Dismiss Arbitrable Claims (Doc. No. 8).

U.S. 1076 (1970); *Abner Mfg. Co. of Wapakoneta, Ohio v. McLaughlin*, 41 N.M. 97, 64 P.2d 387 (1937)). In this case, the Defendant's limited contacts with New Mexico "were connected with and necessary to the interstate sale" of their equipment to the Plaintiff. *See id.* at 317. Accordingly, the Defendant was not "transacting business" in New Mexico. The Defendant is, therefore, not required to have a certificate of authority to bring its counterclaims and motion to compel binding arbitration.

IT IS ORDERED that Plaintiff's Motion to Prohibit Defendant From Proceeding With Any Claim Against Plaintiff and to Prohibit Defendant from Compelling Arbitration (Doc. No. 16) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE